DUPERÓN *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of Mayagüez.

No. 21.—Decided February 1, 1909.

ENTRY OF NOTICE OF ATTACHMENT—EFFECTIVENESS OF JUDGMENT.—The entry of
notice of attachment prescribed by section nine of the law to secure the
effectiveness of judgments, must be made subject to the provisions of the
Mortgage Law and its Regulations.

The facts are stated in the opinion.

This appeal was taken by the interested party himeslf.

MR. JUSTICE MACLEARY delivered the opinion of the court.

Having heard and considered this appeal, which has been
taken by Mercedes Duperón, from a decision of the Registrar
of Property of Mayagüez, refusing to enter a notice of attach-
ment;

Finding that in an action prosecuted, before the municipal
court of Mayagüez, by *Mercedes Duperón y Diblan* v. *Eladio,
Cristina and Magdalena Pardo y Echevarría,* for the collection
of money, the entire right, title and interest which the defend-
ants might have in a house built of stone and wood, and the
lot on which it is built, were attached as belonging to said de-
fendants, under the description made of said property in the
proceedings of attachment;

Finding that after an order had been issued in duplicate
by the marshal of the aforesaid court, to the Registrar of
Property of Mayagüez directing the latter to enter a notice of
an attachment made by the marshal, the said registrar refused
to enter such notice, for the reasons stated in the following
note:

"The entry of the notice of attachment referred to in the fore-
going document, is not allowed on account of the defect that the prop-
erty attached thereby, has not been recorded in the name of the de-
fendants nor in the name of any other person; but a cautionary notice

has been entered in favor of Tomás Tolosa; and instead of the entry requested, another entry, for 120 days, which are to be counted from this date, has been made on folio 102 of volume 73 of this city, property No. 3455, entry letter C. Mayagüez, 23d of December, 1908.'' (Signed) Dr. Joaquín Servera Silva, Registrar.''

Finding that from the decision above quoted, an appeal has been taken to this Supreme Court in the manner prescribed by the Law of March 1, 1902, relating to appeals taken from decisions of the registrars of property.

Concluding that section 92 of the Rules for the Execution of the Mortgage Law, on prescribing the manner in which a cautionary notice of any attachment of real estate or property rights in real estate, ordered in a criminal or civil action shall be entered in the register of property, provides in rule two, that if the ownership of the property attached does not appear to have been recorded in the register of property, the entry of the notice of attachment shall be suspended and instead of the same, a cautionary notice of the suspension of the same, shall be entered, because said defect is capable of correction.

Concluding that the provision above mentioned has not been repealed—as is alleged by the appellant—by the act to secure the effectiveness of judgments approved March 1, 1902; for, although section nine of the said act provides that the attachment of real estate and the prohibition to alienate the same, shall be effected by recording same in the register of property and notifying the defendant thereof with the formalities prescribed by the aforesaid section, said provision is not in conflict with rule two of section 92 of the regulations for the execution of the Mortgage Law, and, therefore, does not repeal said rule, but must be construed in harmony with the same—that is to say, it must be undestood to mean that the entry of the attachment must be made subject to the provisions of the Mortgage Law and its regulations.

The decision of the Registrar of Property of Mayagüez, of the 23d of December, 1908, by which said registrar refuses to

enter the notice of attachment referred to and which has given rise to this appeal, is hereby affirmed; and upon returning the documents presented in this case let a certified copy of this decision be transmitted to the said registrar, for such purposes as may be proper.

*Affirmed.*

Justices Hernández, Figueras and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.